USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIKIA OLIVIA MITCHELL

               Plaintiff,

-against-

CITY EXPRESS LIMOUSINE, LLC and
JAMIR UDIN,

               Defendants.

---

17-cv-04490 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

This personal injury action was initiated in the Supreme Court of the State of New York, Bronx County; both defendants have since timely filed a notice of removal based upon the alleged diversity of the parties. Because neither the Notice of Removal (ECF No. 1) nor the Verified Complaint in the state action (ECF No. 1, Ex. A) alleges facts sufficient to establish the citizenship of each party, the Court seeks affidavits from each party to verify whether federal subject matter jurisdiction exists over this matter.

## I. BACKGROUND

Plaintiff Nikia Olivia Mitchell commenced this action against defendants City Express Limousine, LLC and Jamir Udin by filing a verified complaint in the Supreme Court of the State of New York, Bronx County, on January 17, 2017. (Verified Complaint, ECF No. 1, Ex. A.) Six months later, defendants timely filed a Notice of Removal,[1] in which they asserted that this Court has

---

[1] A "notice of removal ... shall be filed within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or – "if the case stated by the initial pleading is not removable" – "within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Although the Notice of Removal in this action was filed six months after defendants received the initial pleading, it is nonetheless timely because the defendants did not receive notification of the amount in controversy until June 5, 2017, when plaintiff responded to defendants' supplemental demand – made pursuant to N.Y. C.P.L.R. § 3017(c) – asking plaintiff to set forth the monetary damages sought. *See Steele v. Charles George Cos.*, No. 15 Civ. 281, 2015 WL 2069895, at *1 (S.D.N.Y. Apr. 27, 2017); *Messina v. Stevens Appliance Truck Co.*, No. CV 06-2058, 2006 WL 1026415, at *2 (E.D.N.Y. Apr. 13, 2006).

jurisdiction over the action pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute because "[t]here is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs." (Notice of Removal, ECF No. 1 ¶ 11.)

## II. DISCUSSION

It is the "obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000). If a court determines that subject matter jurisdiction is lacking "at any time," it must "dismiss the action." Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The citizenship of an individual is determined not by his or her residence, but by his or her domicile – "the place where a person has his [or her] true fixed home and principal establishment, and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotations and citations omitted). A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)).

Here, the amount-in-controversy requirement for diversity jurisdiction is fulfilled because plaintiff's N.Y. C.P.L.R. § 3017(c) response states that she is seeking $1,000,000 in monetary damages – a sum well in excess of $75,000. (*See* ECF No. 1, Ex. L ¶ 1.) However, the Court is not able to ascertain whether there is complete diversity among the parties on the basis of the materials presently available to it.

The Notice of Removal states that plaintiff Mitchell is a "citizen of the State of New York residing in New York" and that defendant Udin is a "citizen of the State of Connecticut residing in Connecticut" (Notice of Removal, ECF No. 1 ¶¶ 12, 14), but states that the Verified Complaint is the source of these allegations. The Verified Complaint, in turn, sets forth only that Mitchell and Udin were "resident[s]" of those two states at the time of the incident at issue and at the time the Verified Complaint was filed. (Verified Complaint, ECF No. 1, Ex A ¶¶ 1, 3.) It is well-settled that "a statement of the parties' *residence* is insufficient to establish their citizenship" for purposes of assessing diversity.

2

*Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (emphasis added); *see also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004). Moreover, in a case removed to federal court, diversity of citizenship must exist *both* at the time that the action was commenced in state court and at the time of removal. *See United Food & Commercial Workers Union, Local 919, AFL-CIO ("United Food & Commercial Workers Union") v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Here, the Verified Complaint's assertions of the parties' states of residence is of especially limited value because defendants have sought removal almost six months after the Verified Complaint was filed.

With respect to the citizenship of defendant City Express Limousine, LLC, the allegations in the Notice of Removal are equally problematic. The Verified Complaint alleges "upon information and belief" that City Express Limousine, LLC is a "foreign limited liability corporation, doing business in the State of Connecticut" (Verified Complaint, ECF No. 1, Ex. A ¶ 2), and the Notice of Removal clarifies that it is a "Connecticut corporation with its principal place of business in Connecticut" (Notice of Removal, ECF No. 1 ¶ 13). However, the name of this defendant strongly suggests that it is an "LLC," which – under Connecticut law – is a limited liability *company*, not a corporation. *See* Conn. Gen. Stat. § 34-102 (2017) (noting that the name of each limited liability *company* "must contain the words 'Limited Liability Company' or the abbreviations 'L.L.C.' or 'LLC'" and should be distinguishable from the names of any "corporation existing under the laws of this state"); *Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548, 555-56 & n.3 (D. Conn. 2010) (criticizing certain courts for "erroneously referr[ing]" to LLCs as "limited liability corporations" rather than "limited liability companies" in the context of a discussion about the application of Connecticut's long-arm statute); *Buturla v. AWTY Prods., LLC*, No. 3:12-CV-1758, 2012 WL 6649590, at *3 (D. Conn. Dec. 20, 2012) (noting that, despite a notice of removal's claim that "AWTY Productions, LLC" is a "corporation," the use of "LLC" in its name "indicate[s] that it may in fact be a 'limited liability company'").

Because neither the Notice of Removal nor the exhibits appended to it lists the members of City Express Limousine, LLC or their states of citizenship, this Court cannot infer that there is complete diversity of citizenship in this action. *See United Food & Commercial Workers Union*, 30 F.3d at 302 ("[W]e are not free to speculate on the citizenship of each of [a non-incorporated union's] members in the complete absence of any evidence regarding members' citizenship."); *see also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 56 (S.D.N.Y. 2004) (directing defendants to "identify[ ] each member of the defendant LLC . . . , and setting forth with respect to each such member facts

sufficient to demonstrate citizenship"); *Buturla*, 2012 WL 6649590, at *4 (same); *Linium, LLC v. Bernhoit*, 1:17-CV-0200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) (same).

### III. CONCLUSION

The Court hereby orders each party to this action to file proof of their respective citizenships on or before July 21, 2017. Specifically, plaintiff Nikia Olivia Mitchell and defendant Jamir Udin must set forth under oath their state(s) of citizenship both at the commencement of this action in the Supreme Court of the State of New York, Bronx County, on January 17, 2017, and at the time of removal to this Court, on June 14, 2017. Defendant City Express Limousine, LLC, is directed to declare under oath whether it was in fact a corporation or a limited liability company on the relevant dates and, if it is a limited liability company, to declare the state(s) of citizenship of each of its members. If the Court determines that it does not have subject matter jurisdiction on the basis of these affidavits, it will remand the action to the Supreme Court of the State of New York, Bronx County. *See* Fed. R. Civ. P. 12(h)(3).

Dated: New York, New York

July 6, 2017

SO ORDERED:

/s/ Sidney H. Stein

Sidney H. Stein, U.S.D.J.